## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **DEANN L. WELLS,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Cause No. 3:19cv02799** |
| | § | |
| **CLIFFS FINANCE COMPANY, INC.,** | § | |
| **Defendant.** | § | |

### DEFENDANT'S ORIGINAL ANSWER AND COUNTERCLAIM

COMES NOW Cliffs Finance Company, Inc., Defendant in the above entitled and enumerated cause of action and makes this, *Defendant's Original Answer*, and in support thereof would respectfully show the Court as follows:

### NATURE OF ACTION

1.     Defendant denies that Defendant violated either the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. § 227 or the Texas Debt Collection Act ("TDCA") pursuant to TEX. FIN. CODE § 392.  Defendant denies any unlawful conduct.

### JURISDICTION AND VENUE

2.     Defendant denies that this Honorable Court has jurisdiction over Plaintiff's TCPA claim because 27 U.S.C. § 227(b)(1)(A)(iii) violates the Free Speech Clause of the First Amendment of the United States Constitution and is unconstitutional both on its face and as applied to Defendant.

3.     Defendant denies that this Honorable Court has supplemental jurisdiction over Plaintiff's TDCA claim.

4.     Defendant admits that venue is proper in this Honorable Court.

### PARTIES

**DEFENDANT'S ORIGINAL ANSWER**                                                                 **PAGE 1**

5.     Defendant admits Plaintiff is a natural person over 18.

6.     Defendant admits that it is a corporation doing business in Texas.

**PLAINTIFF'S ALLEGATIONS OF FACT**

7.     Defendant admits that it loaned money to Plaintiff which was not repaid.

8.     Defendant can neither admit nor deny that Plaintiff and her husband suffered any financial hardship or intended to file for Chapter 7 bankruptcy.  Defendant demands strict proof thereof.

9.     Defendant denies the allegations in paragraph 9 of Plaintiff's Complaint and demands strict proof thereof.

10.     Defendant denies the allegations in paragraph 10 of Plaintiff's Complaint and demands strict proof thereof.

11.     Defendant can neither admit nor deny that Plaintiff was the sole subscriber, owner, possessor, and operator of the cellular telephone ending in 5148.  Defendant demands strict proof thereof.

12.     Defendant denies the allegations in paragraph 12 of Plaintiff's Complaint and demands strict proof thereof.

13.     Defendant denies the allegations in paragraph 13 of Plaintiff's Complaint and demands strict proof thereof.

14.     Defendant denies the allegations in paragraph 14 of Plaintiff's Complaint and demands strict proof thereof.

15.     Defendant denies the allegations in paragraph 15 of Plaintiff's Complaint and demands strict proof thereof.

16.     Defendant denies the allegations in paragraph 16 of Plaintiff's Complaint and demands strict proof thereof.

17.     Defendant denies the allegations in paragraph 17 of Plaintiff's Complaint and demands strict proof thereof.

18.     Defendant denies the allegations in paragraph 18 of Plaintiff's Complaint and demands strict proof thereof.

## PLAINTIFF'S DAMAGE ALLEGATIONS

19.     Defendant denies the allegations in paragraph 19 of Plaintiff's Complaint and demands strict proof thereof.

20.     Defendant denies the allegations in paragraph 20 of Plaintiff's Complaint and demands strict proof thereof.

21.     Defendant denies the allegations in paragraph 21 of Plaintiff's Complaint and demands strict proof thereof.

22.     Defendant denies the allegations in paragraph 22 of Plaintiff's Complaint and demands strict proof thereof.

## PLAINTIFF'S TCPA ALLEGATIONS

23.     Defendant incorporates its answers in paragraphs 1-22 in full as if set forth verbatim herein.

24.     Defendant denies the allegations in paragraph 24 of Plaintiff's Complaint and demands strict proof thereof.  Answering further, this Court lacks subject matter jurisdiction over this allegation as 27 U.S.C. § 227(b)(1)(A)(iii) violates the Free Speech Clause of the First Amendment of the United States Constitution and is unconstitutional both on its face and as applied to Defendant.

**DEFENDANT'S ORIGINAL ANSWER**                                                                    **PAGE 3**

25.     Defendant admits that the definition of "automatic telephone dialing system" is accurately defined in paragraph 25 of Plaintiff's Complaint.

26.     Defendant denies the allegations in paragraph 26 of Plaintiff's Complaint and demands strict proof thereof.

27.     Defendant denies the allegations in paragraph 27 of Plaintiff's Complaint and demands strict proof thereof.

28.     Defendant denies the allegations in paragraph 28 of Plaintiff's Complaint and demands strict proof thereof.

29.     Defendant denies the allegations in paragraph 29 of Plaintiff's Complaint and demands strict proof thereof.

30.     Defendant denies the allegations in paragraph 30 of Plaintiff's Complaint and demands strict proof thereof.

31.     Defendant denies the allegations in paragraph 31 of Plaintiff's Complaint and demands strict proof thereof.

32.     Defendant denies the allegations in paragraph 32 of Plaintiff's Complaint and demands strict proof thereof.

33.     Defendant denies the allegations in paragraph 33 of Plaintiff's Complaint and demands strict proof thereof.

34.     Defendant denies the allegations in paragraph 34 of Plaintiff's Complaint and demands strict proof thereof.

35.     Defendant denies the allegations in paragraph 35 of Plaintiff's Complaint and demands strict proof thereof.

35(a).  Defendant denies that Plaintiff is entitled to any relief sought in the unnumbered paragraph of Plaintiff's Complaint following paragraph 35.

## PLAINTIFF'S TDCA ALLEGATIONS

36.      Defendant incorporates its answers in paragraphs 1-35(a) in full as if set forth verbatim herein.

37.      Defendant admits that Plaintiff is a "consumer" as defined by TEX. FIN. CODE § 392.001(1).

38.      Defendant admits that Defendant is a "debt collector" as defined by TEX. FIN. CODE § 392.001(6).

39.      Defendant admits that Plaintiff owes a consumer debt to Defendant as defined by TEX. FIN. CODE § 392.001(2).

40.      Defendant admits that Plaintiff has partially quoted TEX. FIN. CODE § 392.304. However, Defendant denies that Defendant violated said section and demands strict proof thereof.

41.      Defendant denies the allegations in paragraph 41 of Plaintiff's Complaint and demands strict proof thereof.

42.      Defendant denies the allegations in paragraph 42 of Plaintiff's Complaint and demands strict proof thereof.

43.      Defendant denies that Plaintiff is entitled to any relief sought in the unnumbered paragraph of Plaintiff's Complaint following paragraph 42.

## AFFIRMATIVE DEFENSES

44.      Plaintiff's Complaint fails to state any actionable claim or cause of action against this Defendant upon which relief can be granted under any provision of the TCPA, 27 U.S.C. § 227 *et seq.*, under the TDCA, or under any other provision of the United States or Texas

Constitutions, under state law, under the common law, or under any other statute or legal theory of any nature whatsoever.

45.     Pleading in the alternative, as all liability is denied, any attorney's fees, litigation expenses or related costs incurred herein by Plaintiff were proximately caused and exacerbated solely by the acts of Plaintiff and his counsel.

46.     Pleading in the alternative, as all liability is denied, this Defendant asserts that some or all of Plaintiff's claimed damages herein, if any, are speculative and unsupportable and are insufficient as a matter of law.

## DEFENDANT/COUNTER-CLAIMANT'S COUNTERCLAIM

47.     On or about May 29, 2019, Plaintiff took out a loan from Defendant/Counter-claimant in the amount of $400.00, entering into a valid contract to repay the same with $152.00 in interest for a total amount of $552.00.

48.     Plaintiff wholly failed to repay said loan, breaching her agreement with Defendant/Counter-claimant.

49.     As a direct and proximate result of Plaintiff's failure to pay her voluntarily undertaken debt, Defendant/Counter-claimant has been damaged in the amount of $553.17.

50.     Pursuant to TEX. CIV. PRAC. & REM. CODE § 38.001(8), Defendant/Counter-claimant is entitled to recover a reasonable amount of attorney fees from Plaintiff.

51.     Defendant/Counter-claimant also demands payment of a reasonable rate of pre-judgment and post-judgment interest as allowed by Texas law.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that Plaintiff take nothing on Plaintiff's claims.   Defendant/Counter-claimant respectfully prays that Defendant/Counter-claimant recover $553.17 for Plaintiff/Counter-defendant's breach of contract

along with pre-judgment and post-judgment interest and reasonable attorney fees. Defendant/Counter-claimant prays for all further relief to which Defendant/Counter-claimant may be entitled.

Respectfully submitted,

Richardson Law Firm
118 S. Crockett
Sherman, Texas 75090
Tel: (903) 893-7541
Fax: (903) 893-9585


By:  /s/ Robert E. L. (Ed) Richardson
    Robert E. L. (Ed) Richardson
    SBN: 24007913
    ed@richardsonfirm.net

  /s/Robert E. Richardson, Jr.
    Robert E. Richardson Jr.
    SBN: 16873000
    robert@richardsonfirm.net

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 12, 2020, a true and correct copy of the foregoing was forwarded in accordance with the FEDERAL RULES OF CIVIL PROCEDURE to:

Marwan R. Daher
Alexander J. Taylor
Omar T. Sulaiman
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148

/s/ Robert E. L. (Ed) Richardson
Robert E. L. (Ed) Richardson

**DEFENDANT'S ORIGINAL ANSWER**                                                **PAGE 7**